NOD

Co/BD

√ ORIGINAL

226348

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 8 2005

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| BRET POAT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3-05-CV-2516 G |
| | § | |
| v. | § | |
| | § | |
| JASON SCROGGINS, MATTHEW KOBE, KENNETH FRANCIS, ROGER ANDREW RUDLOFF and ADDITIONAL DALLAS POLICE DEPARTMENT OFFICERS TO BE NAMED ONCE THEIR IDENTITIES ARE DETERMINED, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Bret Poat (hereinafter referred to as "Plaintiff") through his attorneys, alleges for his Complaint against Defendants Jason Scroggins, Matthew Kobe, Kenneth Francis, Roger Andrew Rudloff and additional Dallas Police Department officers to be named once their identities are determined (hereinafter cumulatively referred to as "Officers" or "Defendants") the following:

#### INTRODUCTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Texas, against the Officers, police officers of the City of Dallas, in their individual capacities.

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                          PAGE 1

jurisdiction of this Court to entertain claims arising under state law.

3. Venue is proper in the Northern District as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and the Plaintiff was at all material times a resident of Dallas County, Texas.

4. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Plaintiff.

### PARTIES

5. Bret Poat was at all material times a resident of Dallas County, Texas, and of full age.

6. Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Dallas, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Dallas.

### FACTS

7. On or about December 29, 2003, at approximately 11:00 p.m., Plaintiff was walking to his car, which was parked at the corner of Northwest Highway and I-35 in Dallas, Texas.

8. While walking to his car, Plaintiff was approached by one of the Officers ("Officer One"), who asked Plaintiff what he was doing in the area, to which Plaintiff responded that he was returning from the Automated Teller Machine that was located in the parking lot.

9. Immediately after Plaintiff's reply, Officer One stated to Plaintiff that he was under arrest and grabbed Plaintiff's wrist.

10. As his wrist was being grabbed, Plaintiff leaned back from Officer One, at which time the officer struck Plaintiff in his face with a closed fist.

11. Subsequent to this strike, Plaintiff was taken to the ground and handcuffed without further physical resistance.

12. Plaintiff then demanded, in a raised voice, to be told why he was being treated like this.

13. Officer One and another of the Officers ("Officer Two") repeatedly told Plaintiff to "Shut up dumb ass."

14. After handcuffing Plaintiff, Officer One and Officer Two sat Plaintiff up.

15. While seated and handcuffed, Plaintiff continued to raise his voice and began swearing at the Officers.

16. In response to Plaintiff raising his voice and swearing, Officer Two began spraying mace into Plaintiff's eyes for a period of greater than ten seconds, emptying any entire can of mace into Plaintiff's eyes.

17. The mace spraying referenced in Paragraph 14 above occurred while Plaintiff was seated and handcuffed on the concrete parking lot.

18. At this time, multiple additional Dallas Police Department squad cars arrived on the scene.

19. Plaintiff was led to another officer's ("Officer Three") squad car by Officer Two.

20. When Plaintiff arrived at Officer Three's squad car, Officer Three began swearing at Plaintiff, stating, "You are going to jail asshole. You messed with the wrong cops."

21. While Plaintiff was seated in the rear of Officer Three's squad car with the rear door open, Officer Three repeatedly struck Plaintiff in the face while his face was pressed against the rear quarter panel of the squad car, which resulted in a large laceration above Plaintiff's right eye.

22. While Officer Three was assaulting Plaintiff in the manner described in Paragraph 19 above, another officer ("Officer Four") repeatedly struck Plaintiff in the leg with his nightstick.

23. The Officers then removed Plaintiff from the squad car, at which time Officer One began spraying more mace into Plaintiff's eyes, while several other unknown Dallas Police Officers simultaneously struck Plaintiff in the body with nightsticks and closed fists.

24. During this period of time, one of the Officers began searching the inside of Plainiff's car and his trunk.

25. After the Officers stopped beating on Plaintiff and spraying mace in his eyes, they placed Plaintiff back in the back seat of the squad car.

26. Officer Three rode in the back of the squad car with Plaintiff on the way to the Dallas Jail.

27. During the ride to the jail, Officer Three hit Plaintiff in the jaw with a closed fist and stated, "I am going to your job tomorrow to get you fired."

28. While in the processing station at the jail, Plaintiff repeatedly asked to speak to a supervisor.

29. Officer Three asked Plaintiff why he wanted to speak to a supervisor, to which, Plaintiff replied, "Because there is blood on the outside rear of your police car and how else could it get there unless you smashed my face into it while handcuffed?"

30. Officer Three then replied, "What makes you think our supervisors are not crooked too?"

31. Plaintiff was never allowed to meet with a supervisor.

### COUNT 1: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

32. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth herein.

33. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against each Officer for violation of his constitutional rights under color of law.

### COUNT 2: ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANTS

34. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth herein.

35. Defendants assaulted and battered Plaintiff.

36. As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

### COUNT 3: FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS

37. Paragraphs 1 through 34 are incorporated herein by reference as though fully set forth herein.

38. Defendants illegally arrested and illegally imprisoned Plaintiff.

39. As a result of this false arrest and illegal imprisonment, Plaintiff suffered the damages as aforesaid.

### REQUEST FOR TRIAL BY JURY

40. Plaintiff hereby makes demand for a trial by jury pursuant to Rule 38, FED. R. CIV. P., as to all issues.

### EXEMPLARY DAMAGES

41. Plaintiff seeks exemplary damages for harm caused by Defendants' malice under Texas Civil Practice & Remedies Code section 41.003(a)(2), as defined by section 41.001(7). The

exemplary damages limitations set forth in Texas Civil Practice & Remedies Code section 41.008 are inapplicable because the Officer's conduct was committed knowingly and intentionally and is described as a felony in Texas Penal Code section 22.02.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against Defendants, jointly and severally;

b. Award exemplary damages to Plaintiff against Defendants, jointly and severally;

c. Award costs of this action to Plaintiff;

d. Award reasonable attorney's fees and costs to Plaintiff on Count I of the complaint; and,

e. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**GLAST PHILLIPS & MURRAY**
A Professional Corporation

_____
Jody G. Sheets    by Paul Sky
Texas State Bar No. 18180500    with permission

2200 One Galleria Tower
13355 Noel Road
Dallas, Texas 75240
Telephone: (972) 419-8374
Facsimile: (972) 419-8329

*ATTORNEYS FOR PLAINTIFF*