IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET POAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| JASON SCROGGINS, MATTHEW | § | |
| KOBE, KENNETH FRANCIS, ROGER | § | 3:05-CV-2516-G |
| ANDREW RUDLOFF and | § | **ECF** |
| ADDITIONAL DALLAS POLICE | § | |
| DEPARTMENT OFFICERS TO BE | § | |
| NAMED ONCE THEIR IDENTITIES | § | |
| ARE DETERMINED, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS JASON SCOGGINS AND MATTHEW KOBE'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Jason Scoggins ("Scoggins"), incorrectly named in Plaintiff's pleadings as "Jason Scroggins," and Matthew Kobe ("Kobe") (collectively, "Defendants"), pursuant to Rules 4, 8, and 12 of the Federal Rules of Civil Procedure, file the following answer in response to Plaintiff's Original Complaint for Damages ("Complaint"), and respectfully show as follows:

### I.

### ANSWER TO COMPLAINT

1.1   The first unnumbered paragraph of the Complaint contains no allegations of fact to which an answer is required.

1.2   The first numbered paragraph of the Complaint, under the heading "Introduction," contains several propositions of law to which no answer is required; however, to the extent an

answer is required, Defendants admit that they are police officers of the City of Dallas and that this is an action for money damages brought against them in their individual capacities pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Texas common law.

1.3     Defendants admit the allegations contained in paragraph 2 of the Complaint and further state that the Court may exercise supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  Defendants, however, deny that Plaintiff has stated a claim upon which relief can be granted or that Plaintiff is entitled to any recovery against them.

1.4     Defendants admit the allegations contained in paragraph 3 of the Complaint.

1.5     Defendants deny the allegations contained in paragraph 4 of the Complaint.

1.6     Defendants admit the factual allegations contained in paragraph 5 of the Complaint, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegation that Plaintiff was "of full age."

1.7     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 6 of the Complaint to the extent they pertain to all "Defendant Officers," which by Plaintiff's definition includes unidentified "additional Dallas Police Department officers."  To the extent the allegations pertain to those police officers that have been specifically identified in Plaintiff's pleadings, namely, Jason Scoggins, Matthew Kobe, Kenneth Francis and Roger Andrew Rudloff, Defendants admit that these individuals were at all times relevant to the incident giving rise to the Complaint duly appointed and acting officers of the City of Dallas police department and that they were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Dallas.

1.8     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 7 of the Complaint.

1.9     Defendants deny, as stated, the factual allegations contained in paragraph 8 of the Complaint, except that Defendants admit that in the course of their encounter with Plaintiff, Scoggins approached Plaintiff and requested that he produce his driver's license and insurance card.

1.10    Defendants deny, as stated, the factual allegations contained in paragraph 9 of the Complaint, except that Defendants admit that Plaintiff was arrested for public intoxication and that they grabbed Plaintiff's wrist only after Plaintiff actively resisted arrest and disobeyed the officers' lawful commands.

1.11    Defendants deny the factual allegations contained in paragraph 10 of the Complaint.

1.12    Defendants deny, as stated, the factual allegations contained in paragraph 11 of the Complaint, except that Defendants admit that Plaintiff was taken to the ground and handcuffed.

1.13    Defendants deny the factual allegations contained in paragraph 12 of the Complaint.

1.14    Defendants deny the factual allegations contained in paragraph 13 of the Complaint.

1.15    Defendants admit the factual allegations contained in paragraph 14 of the Complaint.

1.16    Defendants admit the factual allegations contained in paragraph 15 of the Complaint.

1.17    Defendants deny the factual allegations contained in paragraph 16 of the Complaint.

1.18    Defendants deny the factual allegations contained in paragraph 17 of the Complaint.

1.19    Defendants deny, as stated, the factual allegations contained in paragraph 18 of the Complaint, except that Defendants admit that after Plaintiff was placed in handcuffs additional Dallas Police Department squad cars arrived at the scene.

1.20    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 19 of the Complaint, except that Defendants admit that Plaintiff was escorted to a Dallas Police Department squad car.

1.21    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 20 of the Complaint.

1.22    Defendants deny the factual allegations contained in paragraph 21 of the Complaint.

1.23    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 22 of the Complaint, except that Defendants deny the allegation that Plaintiff was assaulted "in the manner described in Paragraph 19 above," as the referenced paragraph does not allege an assault.

1.24    Defendants deny the factual allegations contained in paragraph 23 of the Complaint.

1.25    Defendants deny, as stated, the factual allegations contained in paragraph 24 of the Complaint, except that Defendants admit that after Plaintiff was arrested and placed in a

police squad car, an inventory search of Plaintiff's vehicle was conducted in accordance with police procedure.

1.26   Defendants deny, as stated, the factual allegations contained in paragraph 25 of the Complaint, but Defendants admit that Plaintiff was placed in the back seat of a squad car.

1.27   Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 26 of the Complaint.

1.28   Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 27 of the Complaint.

1.29   Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 28 of the Complaint.

1.30   Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 29 of the Complaint.

1.31   Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 30 of the Complaint.

1.32   Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 31 of the Complaint.

1.33   The allegations contained in paragraph 32 of the Complaint merely incorporate by reference the allegations stated in the previous paragraphs (paragraphs 1-29) of the Complaint; therefore, no answer is necessary or required.  To the extent an answer may be required Defendants incorporate by reference their answers to those numbered paragraphs as set forth above.

1.34   Defendants deny that Plaintiff is entitled to any of the relief or damages sought in paragraph 33 of the Complaint.

1.35   The allegations contained in paragraph 34 of the Complaint merely incorporate by reference the allegations stated in the previous paragraphs (paragraphs 1-31) of the Complaint; therefore, no answer is necessary or required.  To the extent an answer may be required Defendants incorporate by reference their answers to those numbered paragraphs as set forth above.

1.36   Defendants deny the allegations contained in paragraph 35 of the Complaint.

1.37   Defendants deny the allegations contained in paragraph 36 of the Complaint.

1.38   The allegations contained in paragraph 37 of the Complaint merely incorporate by reference the allegations stated in the previous paragraphs (paragraphs 1-34) of the Complaint; therefore, no answer is necessary or required.  To the extent an answer may be required Defendants incorporate by reference their answers to those numbered paragraphs as set forth above.

1.39   Defendants deny the allegations contained in paragraph 38 of the Complaint.

1.40   Defendants deny the allegations contained in paragraph 39 of the Complaint.

1.41   Defendants admit that Plaintiff has requested a trial by jury, as asserted in paragraph 40 of the Complaint.  Defendants also request a jury as to all issues so triable.

1.42   Defendants deny that Plaintiff is entitled to any of the relief or damages sought in paragraph 41 of the Complaint.

1.43   The last unnumbered paragraph of the Complaint, under the heading "Prayer for Relief," contains no allegations of fact to which an answer is required; however, to the extent that an answer is nonetheless required, Defendants deny that Plaintiff has stated a claim upon which relief can be granted or that Plaintiff is entitled to any of the relief or damages specifically requested in subparts (a), (b), (c), (d) and (e) of that paragraph.

## II.

## **AFFIRMATIVE DEFENSES**

2.1     Defendants affirmatively plead that Plaintiff has failed to state a claim against them upon which relief can be granted.

2.2     Defendants affirmatively plead that reasonable suspicion existed that Plaintiff had committed a criminal offense, justifying his detention.

2.3     Defendants affirmatively plead that probable cause existed to arrest Plaintiff.

2.4     Defendants affirmatively plead that the detention, arrest, and continued custody of Plaintiff was conducted lawfully, without any intent to injure him, was objectively reasonable, and did not violate clearly established law of which a reasonable person would have known.

2.5     Defendants affirmatively plead that, on the occasion in question, Plaintiff's injuries, if any, did not result directly and only from the use of force that was clearly excessive to the need to use force, and that the use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

2.6     Defendants affirmatively plead that at the time of the incident in question they were public or government officials, to wit, police officers, employed by the City of Dallas ("City"); that they are entitled to qualified and official immunity from suit and from damages as to all claims alleged in the present cause; that on the occasion in question, they acted without malice; without an intent to deprive Plaintiff of any legally protected rights; with a reasonable good faith belief that their actions were lawful, proper, and within and pursuant to the scope of their discretionary authority as police officers; and that they did not violate clearly established law of which a reasonable person would have known.  In support of their assertion of the defenses of qualified and official immunity, Defendants plead as follows:

2.6.1   On December 29, 2003, Defendants were public officials, specifically, peace officers certified by the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE"), employed by the City of Dallas police department. At the time of the incident which serves as the basis for this action, Defendants were assigned to the Northwest Patrol Operations Division of the Dallas police department.

2.6.2   On December 29, 2003, at approximately 12:45 a.m., the time of Plaintiff's arrest, Defendants were working as patrol officers in Dallas, Texas. At all relevant times related to their encounter with Plaintiff, Defendants were discharging their official duties and exercising their discretionary authority as police officers. On that day, Defendants worked together as "partners" and rode in the same patrol car.

2.6.3   Prior to making contact with Plaintiff on December 29, 2003, Defendants received a call from police dispatch regarding a hit and run accident that had occurred at or near the 10600 block of Wireway Drive in Dallas, Texas. While en route to the accident site, Defendants noticed a black Mercedes that met the description of one of the vehicles involved in the accident parked in the parking lot of the Platinum Club, a business establishment located near the vicinity of the accident site. Defendants observed three people standing next to the Mercedes.

2.6.4   Defendants, who were in a marked Dallas Police Department patrol car, drove onto the parking lot and got out of their patrol car. The officers were wearing their uniforms and badges, and were readily identifiable as Dallas police officers. Defendants approached the group of individuals to inquire about the vehicle. One of the individuals told Defendants that the vehicle belonged to a white male who had just walked to the Platinum Club. Defendants proceeded to inspect the exterior of the Mercedes to determine whether it was the vehicle that had been involved in the accident. While inspecting the vehicle, Defendants heard someone yell, "Get the f*** out of [or away from] my car!" Scoggins turned and observed an extremely muscular male, later identified as Plaintiff, walking toward the Mercedes from the direction of the night club.

2.6.5   Defendants informed Plaintiff that they were investigating a hit and run accident and that they had reason to believe that Plaintiff's automobile may have been involved in the accident.

    Scoggins directed Plaintiff to produce his driver's license. Plaintiff took his driver's license out of his wallet and threw it at Scoggins causing the license to strike Scoggins in the chest. Scoggins picked up the license from the ground and directed Plaintiff to produce his insurance card. Plaintiff in turn responded, "F*** you. I don't have to give you s***." Scoggins told Plaintiff to calm down and directed him to produce his insurance card a second time. Plaintiff again used profane language and refused to comply with the officer's directive. Based on Plaintiff's conduct, demeanor and appearance, Defendants suspected that Plaintiff was intoxicated.

2.6.6 Scoggins told Plaintiff that if he failed to produce his insurance card he would be taken to jail for public intoxication. Plaintiff in turn responded, "F*** you. I'm not going to jail." Kobe then called for cover over the police radio and Scoggins retrieved his mace can from his police utility belt. Scoggins told Plaintiff that he was under arrest and instructed him to turn around and place his hands behind his back.

2.6.7 Plaintiff stated again that he was not going to jail and began to walk toward Defendants in an aggressive manner. As Scoggins walked toward Plaintiff to effect the arrest he saw Plaintiff clench his right hand into a fist. Scoggins dispensed a 1 second burst of O.C. pepper spray to Plaintiff's face. Plaintiff swung his right hand at Scoggins, narrowly missing Scoggins' face. Kobe then grabbed Plaintiff's right arm and jumped on Plaintiff's back. Kobe attempted to apply a lateral vascular neck restraint, a force technique then authorized and approved by the Dallas Police Department, but he was unable to administer the technique. Kobe then used a straight arm bar takedown maneuver to force Plaintiff to the ground. Defendants struggled with Plaintiff for approximately twenty (20) feet through the parking lot until they were finally able to force him to the ground. When Plaintiff and Defendants fell to the ground, Plaintiff's head hit the concrete which resulted in a laceration above his right eye.

2.6.8 As soon as Plaintiff hit the ground, he rolled onto his stomach and put his arms under his chest. Defendants continued to yell at Plaintiff to "stop resisting" and to place his hands behind his back, but Plaintiff ignored the officers' commands. Defendants then applied several knee strikes to Plaintiff's common peroneal nerve in an attempt to gain compliance. After several

minutes of knee strikes, Plaintiff stopped resisting and Defendants were finally able to place handcuffs on him.

2.6.9   After securing Plaintiff in handcuffs, Defendants sat him upright so that he could breathe properly. By this time, the requested police cover had arrived but the struggle was over. Plaintiff continued to spout forth verbally abusive and profane language toward Defendants and the other officers who had arrive at the scene.

2.6.10  Paramedics from the Dallas Fire Department, Dallas Fire and Rescue, responded to the scene and treated Plaintiff for the laceration above his eye.

2.6.11  Defendants Kenneth Francis and Roger Rudloff transported Plaintiff to Parkland Memorial Hospital for further medical treatment and then to Lew Sterrett County Jail, where Plaintiff was booked-in and charged with public intoxication and resisting arrest.

2.6.12  Based on the facts and observations stated in paragraphs 2.6.7 and 2.6.8 as well as their training and experience, Defendants believed that it was necessary to use force in order to respond to Plaintiff's unlawful use of force and to effect Plaintiff's arrest.

2.6.13  At all relevant times, Defendants believed that their actions were lawful and justified by the facts known to them and the applicable law relating to detention, arrest, and the use of force. Defendants used only that amount of force that they believed to be reasonably necessary to respond to Plaintiff's unlawful use of force in resisting arrest.

2.6.14  A reasonable police officer, possessing the information known to Defendants at the time, could have believed that it was lawful to use force in the same manner as Defendants in order to effect Plaintiff's arrest. Therefore, Defendants' use of force as described above was objectively reasonable.

2.6.15  Defendants' actions, as described in paragraphs 2.6.7 and 2.6.8, inclusive, were objectively reasonable, in that a reasonable police officer could have determined that Defendants' actions, under the facts and circumstances as then known by Defendants, were reasonable, prudent, and did not violate clearly established law.

2.7     Defendants affirmatively plead that they cannot be liable to Plaintiff as a matter of law as to Plaintiff's purported state law claims because the acts that they are alleged to have performed or failed to perform are discretionary powers for which they enjoy absolute immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §101.056.

2.8     Defendants affirmatively plead that Plaintiff own actions and/or negligence were the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

2.9     Defendants affirmatively plead that they cannot be liable to Plaintiff regarding Plaintiff's state law claims because they were acting within the course and scope of their public duties in the performance of a governmental function, and when an employee acts in such a capacity, that employee's liability can be no greater than that of the municipality.

## III.

## JURY DEMAND

3.1     Defendants demand trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants Jason Scoggins and Matthew Kobe pray that Plaintiff take nothing by this suit, that all relief requested by him be denied, that Defendants recover all costs of suit and attorney's fees, and for such other and further relief, general or special, at law or in equity, to which Defendants are entitled.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS

By: *s/ Tatia R. Randolph*
TATIA R. RANDOLPH
Assistant City Attorney
State Bar No. 00795793
JASON G. SCHUETTE
Assistant City Attorney
State Bar No. 17827020

Dallas City Hall
1500 Marilla Street, 7CN
Dallas, Texas 75201
Telephone: (214) 670-3519
Facsimile: (214) 670-3515

ATTORNEYS FOR DEFENDANTS JASON SCOGGINS, MATTHEW KOBE, KENNETH FRANCIS AND ROGER ANDREW RUDLOFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2006, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Mr. Jody G. Sheets, Glast Phillips & Murray, P.C., 2200 One Galleria Tower, 13355 Noel Road, Dallas, Texas 75240, counsel for Plaintiff.

*s/ Tatia R. Randolph*
Tatia R. Randolph
Assistant City Attorney