IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET POAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JASON SCROGGINS, MATTHEW | § | CIVIL ACTION NO. |
| KOBE, KENNETH FRANCIS, ROGER | § | |
| ANDREW RUDLOFF and | § | 3:05-CV-2516-G |
| ADDITIONAL DALLAS POLICE | § | **ECF** |
| DEPARTMENT OFFICERS TO BE | § | |
| NAMED ONCE THEIR IDENTITIES | § | |
| ARE DETERMINED, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS KENNETH FRANCIS AND ROGER ANDREW RUDLOFF'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Kenneth Francis ("Francis") and Roger Andrew Rudloff ("Rudloff") (collectively, "Defendants"), pursuant to Rules 4, 8, and 12 of the Federal Rules of Civil Procedure, file the following answer in response to Plaintiff's Original Complaint for Damages ("Complaint"), and respectfully show as follows:

## I.

## ANSWER TO COMPLAINT

1.1     The first unnumbered paragraph of the Complaint contains no allegations of fact to which an answer is required.

1.2     The first numbered paragraph of the Complaint, under the heading "Introduction," contains several propositions of law to which no answer is required; however, to the extent an

answer is required, Defendants admit that they are police officers of the City of Dallas and that this is an action for money damages brought against them in their individual capacities pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Texas common law.

1.3     Defendants admit the allegations contained in paragraph 2 of the Complaint and further state that the Court may exercise supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  Defendants, however, deny that Plaintiff has stated a claim upon which relief can be granted or that Plaintiff is entitled to any recovery against them.

1.4     Defendants admit the allegations contained in paragraph 3 of the Complaint.

1.5     Defendants deny the allegations contained in paragraph 4 of the Complaint.

1.6     Defendants admit the factual allegations contained in paragraph 5 of the Complaint, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegation that Plaintiff was "of full age."

1.7     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 6 of the Complaint to the extent they pertain to all "Defendant Officers," which by Plaintiff's definition includes unidentified "additional Dallas Police Department officers."   To the extent the allegations pertain to those police officers that have been specifically identified in Plaintiff's pleadings, namely, Jason Scoggins, Matthew Kobe, Kenneth Francis and Roger Andrew Rudloff, Defendants admit that these individuals were at all times relevant to the incident giving rise to the Complaint duly appointed and acting officers of the City of Dallas police department and that they were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Dallas.

1.8     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 7 of the Complaint.

1.9     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Complaint.

1.10    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 9 of the Complaint.

1.11    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 10 of the Complaint.

1.12    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 11 of the Complaint.

1.13    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 12 of the Complaint.

1.14    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of the Complaint.

1.15    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the Complaint.

1.16    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 15 of the Complaint, except that Defendants admit that when they arrived at the scene Plaintiff was seated and handcuffed and he was swearing at the officers who were already at the location.

1.17    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 16 of the Complaint.

1.18     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 17 of the Complaint.

1.19     Defendants deny, as stated, the factual allegations contained in paragraph 18 of the Complaint, except that Defendants admit that additional Dallas Police Department squad cars arrived at the scene.

1.20     Defendants admit that Plaintiff was led to another officer's squad car as alleged in paragraph 19 of the Complaint, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was led to the squad car by "Officer Two."

1.21     Defendants deny, as stated, the factual allegations contained in paragraph 20 of the Complaint, except that Defendants admit that Plaintiff was told that he was going to jail.

1.22     Defendants deny the factual allegations contained in paragraph 21 of the Complaint.

1.23     Defendants deny the factual allegations contained in paragraph 22 of the Complaint.

1.24     Defendants deny the factual allegations contained in paragraph 23 of the Complaint.

1.25     Defendants deny, as stated, the factual allegations contained in paragraph 24 of the Complaint, except that Defendants admit that after Plaintiff was arrested and placed in a police squad car, an inventory search of Plaintiff's vehicle was conducted in accordance with police procedure.

1.26     Defendants deny, as stated, the factual allegations contained in paragraph 25 of the Complaint, except that Defendants admit that Plaintiff was placed in the rear of a squad car.

**DEFENDANTS KENNETH FRANCIS AND ROGER ANDREW RUDLOFF'S**
**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES – Page 4**
*Bret Poat v. Jason Scroggins, et al.*, Civil Action No. 3:05-CV-2516-G (ECF)

1.27    Defendants admit the factual allegations contained in paragraph 26 of Plaintiff's Complaint.

1.28    Defendants deny the factual allegations contained in paragraph 27 of the Complaint.

1.29    Defendants deny the factual allegations contained in paragraph 28 of the Complaint.

1.30    Defendants deny the factual allegations contained in paragraph 29 of the Complaint.

1.31    Defendants deny the factual allegations contained in paragraph 30 of the Complaint.

1.32    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 31 of the Complaint.

1.33    The allegations contained in paragraph 32 of the Complaint merely incorporate by reference the allegations stated in the previous paragraphs (paragraphs 1-29) of the Complaint; therefore, no answer is necessary or required.   To the extent an answer may be required Defendants incorporate by reference their answers to those numbered paragraphs as set forth above.

1.34    Defendants deny that Plaintiff is entitled to any of the relief or damages sought in paragraph 33 of the Complaint.

1.35    The allegations contained in paragraph 34 of the Complaint merely incorporate by reference the allegations stated in the previous paragraphs (paragraphs 1-31) of the Complaint; therefore, no answer is necessary or required.   To the extent an answer may be required

Defendants incorporate by reference their answers to those numbered paragraphs as set forth above.

1.36    Defendants deny the allegations contained in paragraph 35 of the Complaint.

1.37    Defendants deny the allegations contained in paragraph 36 of the Complaint.

1.38     The allegations contained in paragraph 37 of the Complaint merely incorporate by reference the allegations stated in the previous paragraphs (paragraphs 1-34) of the Complaint; therefore, no answer is necessary or required.  To the extent an answer may be required Defendants incorporate by reference their answers to those numbered paragraphs as set forth above.

1.39    Defendants deny the allegations contained in paragraph 38 of the Complaint.

1.40    Defendants deny the allegations contained in paragraph 39 of the Complaint.

1.41    Defendants admit that Plaintiff has requested a trial by jury, as asserted in paragraph 40 of the Complaint.  Defendants also request a jury as to all issues so triable.

1.42    Defendants deny that Plaintiff is entitled to any of the relief or damages sought in paragraph 41 of the Complaint.

1.43    The last unnumbered paragraph of the Complaint, under the heading "Prayer for Relief," contains no allegations of fact to which an answer is required; however, to the extent that an answer is nonetheless required, Defendants deny that Plaintiff has stated a claim upon which relief can be granted or that Plaintiff is entitled to any of the relief or damages specifically requested in subparts (a), (b), (c), (d) and (e) of that paragraph.

II.

AFFIRMATIVE DEFENSES

2.1     Defendants affirmatively plead that Plaintiff has failed to state a claim against them upon which relief can be granted.

2.2     Defendants affirmatively plead that reasonable suspicion existed that Plaintiff had committed a criminal offense, justifying his detention.

2.3     Defendants affirmatively plead that probable cause existed to arrest Plaintiff.

2.4     Defendants affirmatively plead that the detention, arrest, and continued custody of Plaintiff was conducted lawfully, without any intent to injure him, was objectively reasonable, and did not violate clearly established law of which a reasonable person would have known.

2.5     Defendants affirmatively plead that, on the occasion in question, Plaintiff's injuries, if any, did not result directly and only from the use of force that was clearly excessive to the need to use force, and that the use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

2.6     Defendants affirmatively plead that at the time of the incident in question they were public or government officials, to wit, police officers, employed by the City of Dallas; that they are entitled to qualified and official immunity from suit and from damages in the present cause; and that on the occasion in question, they acted without malice; without an intent to deprive Plaintiff of any legally protected rights; with a reasonable good faith belief that their actions were lawful, proper, and within and pursuant to the scope of their discretionary authority as police officers; and that they did not violate clearly established law of which a reasonable person would have known.

2.7     Defendants affirmatively plead that they cannot be liable to Plaintiff as a matter of law as to Plaintiff's purported state law claims because the acts that they are alleged to have performed or failed to perform are discretionary powers for which they enjoy absolute immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §101.056.

2.8     Defendants affirmatively plead that Plaintiff own actions and/or negligence were the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

2.9     Defendants affirmatively plead that they cannot be liable to Plaintiff regarding Plaintiff's state law claims because they were acting within the course and scope of their public duties in the performance of a governmental function, and when an employee acts in such a capacity, that employee's liability can be no greater than that of the municipality.

## III.

## <u>JURY DEMAND</u>

3.1     Defendants demand trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants Kenneth Francis and Roger Andrew Rudloff pray that Plaintiff take nothing by this suit, that all relief requested by him be denied, that Defendants recover all costs of suit and attorney's fees, and for such other and further relief, general or special, at law or in equity, to which Defendants are entitled.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS

By: *s/ Tatia R. Randolph*
       TATIA R. RANDOLPH
       Assistant City Attorney
       State Bar No. 00795793
       JASON G. SCHUETTE
       Assistant City Attorney
       State Bar No. 17827020

Dallas City Hall
1500 Marilla Street, 7CN
Dallas, Texas 75201
Telephone:  (214) 670-3519
Facsimile:  (214) 670-3515

ATTORNEYS FOR DEFENDANTS JASON
SCOGGINS, MATTHEW KOBE, KENNETH
FRANCIS AND ROGER ANDREW RUDLOFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2006, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Mr. Jody G. Sheets, Glast Phillips & Murray, P.C., 2200 One Galleria Tower, 13355 Noel Road, Dallas, Texas 75240, counsel for Plaintiff.

       *s/ Tatia R. Randolph*
       Tatia R. Randolph
       Assistant City Attorney

**DEFENDANTS KENNETH FRANCIS AND ROGER ANDREW RUDLOFF'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES – Page 9**
*Bret Poat v. Jason Scroggins, et al.*, Civil Action No. 3:05-CV-2516-G (ECF)