IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET POAT, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| JASON SCROGGINS, *et al.*, § | | 3:05-CV-2516-G |
| § | | **ECF** |
| § | | |
| Defendants. § | | |

**JOINT STATUS REPORT**

Plaintiff Bret Poat ("Plaintiff") and Defendants Jason Scoggins, incorrectly named in Plaintiff's Complaint as "Jason Scroggins," Matthew Kobe, Kenneth Francis, and Roger Andrew Rudloff (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 26 and the Court's Status Report Order, dated March 1, 2006, submit this Joint Status Report.

**(1) A brief statement of the nature of the case, including the contentions of the parties.**

**Plaintiff's Contentions**:

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Texas, against Defendants, who are police officers of the City of Dallas, in their individual capacities. Plaintiff contends that Defendants used excessive force against him when he was arrested on December 29, 2003. Plaintiff alleges claims against Defendants under federal law for violation of his constitutional rights and under Texas law for assault and battery, false arrest and illegal imprisonment.

Plaintiff contends that Defendants actions were at all times objectively unreasonable and not the result of reasonable mistakes of fact and/or law. Plaintiff asserts that Defendants are not entitled to qualified and/or official immunity as to Plaintiff's federal and state law claims. Plaintiff further contends that Defendants deprived Plaintiff of federally protected rights; that Defendants did not have reasonable suspicion to detain, nor did they have probable cause to arrest, Plaintiff; that Defendants, at all times relevant to the incident in question, failed to act in good faith in the discharge of their discretionary duties as peace officers and did use objectively unreasonable force during the incident in question; that a reasonable police officer, when confronted with the same facts and circumstances as known to Defendants, could not have believed that their actions were lawful and proper; that Plaintiff's injuries resulted directly and only from Defendants' acts and not Plaintiff's own negligence and/or unlawful actions; and that Plaintiff is entitled to the relief requested in his Original Complaint under federal and state law.

**Defendants' Contentions:**

Defendants generally deny all of Plaintiff's claims and allegations and assert that they are entitled to qualified and official immunity as to Plaintiff's federal and state law claims. Defendants contend that they did not violate Plaintiff's rights under the United States Constitution or under Texas state law, and that their actions were at all times objectively reasonable and/or the result of reasonable mistakes of fact and/or law. Defendants further contend that Plaintiff has failed to state a claim upon which relief can be granted; that Defendants did not deprive Plaintiff of any federally protected rights; that Defendants had reasonable suspicion to detain, and probable cause to arrest, Plaintiff; that Defendants were at all times relevant to the incident in question acting in good faith in

the discharge of their discretionary duties as peace officers and did not use objectively unreasonable force during the incident in question; that a reasonable police officer, when confronted with the same facts and circumstances as known to Defendants, could have believed that their action were lawful and proper; that Plaintiff's alleged injuries resulted directly and only from his own negligence and/or unlawful actions; and that Plaintiff is not entitled to any relief under federal or state law.

**(2)   Any challenge to jurisdiction or venue.**

The parties do not challenge jurisdiction or venue.

**(3)   Any pending motions.**

There are no pending motions before the Court.

**(4)   Any matters which require a conference with the court.**

At this time there are no matters which require a conference with the Court.

**(5)   Likelihood that other parties will be joined.**

Plaintiff believes that other Dallas police officers were involved in the incident which serves as the basis of this action; however, the identities of those officers are unknown at this time. It is possible that these unidentified officers may be joined as defendants to this lawsuit once their identities have been determined.

Defendants do not expect to join any other parties to this lawsuit.

**(6)   (a) An estimate of the time needed for discovery, with reasons, and (b) a specification of the discovery contemplated.**

a.   Defendants have asserted in their pleadings the affirmative defenses of qualified and official immunity; Defendants' assertion of qualified and official immunity could delay discovery as to them. The parties estimate that they will need approximately

nine (9) months for discovery in order to allow adequate time for resolution of Defendants' qualified and official immunity defenses. If the Court resolves the immunity issues against Defendants, the parties anticipate that they will need to depose at least five (5) fact witnesses as well as possible expert witnesses. In addition, the parties for both sides expect to propound written discovery. The parties believe that nine months is a reasonable period of time in which to complete the necessary discovery.

      b.    The parties contemplate that discovery will be accomplished primarily through the discovery devices allowed by the Federal Rules of Civil Procedure, namely: oral depositions and written requests for information.

**(7)    Requested trial date, estimated length of trial, and whether jury has been demanded.**

The parties request a trial date in April, 2007. The parties estimate that the trial will last approximately three (3) days, including jury selection. Both sides have demanded a jury.

**(8)    Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C.A. § 636(c).**

Defendants respectfully do not consent to a trial before a United States Magistrate Judge at this time.

**(9)    Prospects for settlement and status of any settlement negotiations.**

Defendants are reluctant to enter into settlement negotiations until after their affirmative defenses of qualified and official immunity have been finally resolved.

**(10)    What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial) would be most appropriate for resolving this case and when it**

would be most effective (*e.g.*, before discovery, after limited discovery, at the close of discovery).

The parties believe that, if necessary, mediation would be the most appropriate form of alternative dispute resolution, once the issues of qualified and official immunity have been resolved and after limited discovery has been conducted.

**(11)   Any other matters relevant to the status and disposition of this case.**

At this time there are no other matters relevant to the status and disposition of this case.

        Respectfully submitted,

        By:   *s/ Jody G. Sheets*
             Jody G. Sheets
             State Bar No. 18180500

GLAST, PHILLIPS & MURRAY, P.C.
2200 One Galleria Tower
13355 Noel Road, L.B. 48
Dallas, Texas 75240
Telephone:   (972) 419-7134
Facsimile:     (972) 419-8329

ATTORNEY FOR PLAINTIFF BRET POAT

By: *s/ Tatia R. Randolph*
TATIA R. RANDOLPH
Assistant City Attorney
State Bar No. 00795793
JASON G. SCHUETTE
Assistant City Attorney
State Bar No. 17827020

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS
Dallas City Hall
1500 Marilla Street, 7CN
Dallas, Texas 75201
Telephone:     (214) 670-3519
Facsimile:     (214) 670-0622

ATTORNEYS FOR DEFENDANTS JASON SCOGGINS, MATTHEW KOBE, KENNETH FRANCIS AND ROGER ANDREW RUDLOFF