IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET POAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:05-CV-2516-G |
| JASON SCROGGINS, *et al.*, | § | **ECF** |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Jason Scoggins, Matthew Kobe, Kenneth Francis and Roger Andrew Rudloff (collectively "Defendants"), pursuant to Fed. R. Civ. P. 26(c), file this Motion for Protective Order and Brief in Support, seeking protection from the court's Status Report Order, dated March 1, 2006, requiring them to make initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1), until after their qualified immunity defense has been resolved. In support of this motion, Defendants respectfully show the court as follows.

I.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2005, Plaintiff Bret Poat ("Plaintiff") filed this civil rights action against Defendants, who are police officers for the City of Dallas, alleging that they violated his rights when they used excessive force to arrest him on December 29, 2003. Plaintiff asserts federal and state causes of action against Defendants pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Texas state law. *See* Plaintiff's Original Complaint for Damages. In response to Plaintiff's Complaint,

Defendants have asserted the defense of qualified immunity.  *See* Defendants Jason Scoggins and Matthew Kobe's Answer to Plaintiff's Original Complaint for Damages, and Defendants Kenneth Francis and Roger Rudloff's Answer to Plaintiff's Original Complaint for Damages, both filed on February 28, 2006.

On March 1, 2006, the court issued a Status Report Order, directing the parties to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within thirty days of the date of the order or, more specifically, by March 31, 2006.  Defendants now seek an order relieving them of any obligation to make the Rule 26(a)(1) initial disclosures pending determination of their qualified immunity defense.

## II.

## ARGUMENT AND AUTHORITIES

Public officials who act within the scope of their discretionary authority and in the course of their official responsibilities are entitled to the defense of qualified immunity, which shields them from suit as well as from liability for civil damages, where their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Police officers are government officials specifically entitled to assert this qualified immunity defense.  *See Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986), *cert. denied*, 483 U.S. 1021 (1987).

The protection of the qualified immunity defense means not only immunity from monetary liability, but immunity from suit.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1982); *see also Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988).  To this end, a defendant entitled to claim qualified immunity should be shielded as much as possible from "the burdens of broad-reaching discovery."  *Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991) (quoting *Harlow*, 457 U.S. at 817-18).  Because qualified immunity is a defense to the burdens of litigation,

including pretrial matters like discovery, it should be treated as a threshold issue which acts as a bar to a court's ability to hear the plaintiff's claim. *See Sutton v. United States,* 819 F.2d 1289, 1299 (5th Cir. 1987).

The Fifth Circuit has stated that no discovery should be allowed against a party asserting qualified immunity until the court first finds that the plaintiff's pleadings assert facts sufficient to overcome the qualified immunity defense. *See Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). In *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987), the Fifth Circuit scrutinized a district court's order compelling limited discovery before ruling upon qualified immunity claims. Relying on the Supreme Court's holdings in *Harlow v. Fitzgerald*, *supra*, and *Mitchell v. Forsyth, supra*, the *Lion Boulos* court reiterated that an official's claim of qualified immunity also embraces immunity from general discovery:

> In *Mitchell v. Forsyth, supra*, the Supreme Court addressed an official's right to claim immunity from discovery. It stated:
>
>> "Indeed, *Harlow* emphasizes that even such pretrial matters such as discovery are to be avoided if possible, as 'inquiries of this kind can be particularly disruptive of effective government.' . . . Unless the plaintiff's allegations state a claim of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery."

*Lion Boulos*, 834 F.2d at 507 (quoting *Mitchell v. Forsyth*, 472 U.S. at 526).

While it is true that a party asserting the defense of qualified immunity is not immune from all discovery, *see Lion Boulos* 834 F.2d at 507, any discovery permitted before the immunity question is resolved should be limited to that which is necessary for *the court* to rule on the immunity claim. *See id.* at 507-08. Broad-ranging or overly broad or avoidable discovery against a government official asserting qualified immunity remains improper because such discovery would negate the public official's entitlement to be free from *suit*.

Rule 26(a)(1) initial disclosures are undeniably a broad form of discovery and are, therefore, presumptively inapplicable as to Defendants in light of their assertions of entitlement to qualified immunity. The wide-ranging disclosures required under Rule 26(a)(1) far exceed that which is necessary for this court to determine Defendants' entitlement to qualified immunity. Rule 26(a)(1)(A), for example, requires disclosure of *each* individual likely to have discoverable information that may be used to support *all* defenses, and Rule 26(a)(1)(B) requires similar disclosure of *all* documents that may be used to support *all* defenses. The breadth of the required witness and document disclosures under Rule 26(a)(1) far exceed the narrow qualified immunity inquiry. Furthermore, disclosure of insurance agreements (*see* Rule 26(a)(1)(D)) has no bearing whatsoever on Defendants' immunity defense. Clearly, the Rule 26(a)(1) disclosure requirements exceed the limitations imposed by the Fifth Circuit in *Wicks*, *Lion Boulos*, and their progeny.

Defendants are mindful that entitlement to qualified immunity should be determined at the earliest stages of litigation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Defendants anticipate seeking leave to file amended answers asserting their immunity defenses in greater factual detail, to be followed by a motion seeking a reply from Plaintiff under Fed. R. Civ. P. 7(a) as a prelude to possible motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) or summary judgment motions on the immunity issue under Fed. R. Civ. P. 56(c). Regardless of Defendants' course of action, it is apparent that, at this very early stage of the litigation, their entitlement to immunity has not yet been placed before the court for determination, and that the initial disclosures required by Rule 26(a)(1) are overly broad or avoidable, rather than narrowly tailored to uncover only those facts needed to rule on Defendants' immunity claim. Indeed, requiring Defendants to make Rule 26(a)(1) disclosures concerning actions for which they may

enjoy immunity would subject them to the very type of avoidable or overly broad discovery from which immunity seeks to shield them.

WHEREFORE, PREMISES CONSIDERED, Defendants Jason Scoggins, Matthew Kobe, Kenneth Francis and Roger Andrew Rudloff pray that this Court grant their motion for protective order and issue an order relieving them of any obligation to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) pending the determination of their qualified immunity defense. Defendants also pray for such other and further relief, both general and specific, to which they may be justly entitled.

Respectfully submitted,

By: *s/ Tatia R. Randolph*
TATIA R. RANDOLPH
Assistant City Attorney
State Bar No. 00795793
JASON G. SCHUETTE
Assistant City Attorney
State Bar No. 17827020

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS
City Hall
1500 Marilla Street, 7CN
Dallas, Texas 75201
Telephone: (214) 670-3519
Facsimile: (214) 670-0622

ATTORNEYS FOR DEFENDANTS JASON SCOGGINS, MATTHEW KOBE, KENNETH FRANCIS AND ROGER ANDREW RUDLOFF

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that a conference was held on March 29, 2006, with counsel for Plaintiff regarding the merits of this motion and Plaintiff *opposes* the motion. As a result, this matter is presented to the Court for determination.

> *s/ Tatia R. Randolph*
> Tatia R. Randolph
> Assistant City Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2006, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Mr. Jody G. Sheets, Glast, Phillips & Murray, P.C., 2200 One Galleria Tower, 13355 Noel Road, Dallas, Texas 75240, counsel for Plaintiff.

> *s/ Tatia R. Randolph*
> Tatia R. Randolph
> Assistant City Attorney