IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| **BRET POAT,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**JASON SCROGGINS,** *et al.,*<br><br>   **Defendants.** | CIVIL ACTION NO.<br><br>3:05CV-2516-G<br>ECF<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

TO TH E HONORABLE JUDGE OF SAID COURT:

Plaintiff Bret Poat ("Plaintiff") files this Response to Defendant's Motion for Protective Order and Brief in Support, seeking leave from the Court to engage in broader discovery than the limited discovery the Court indicated may be necessary to determine the qualified immunity defense. Alternatively, Plaintiff requests that this Court amend its Order Establishing Schedule and Certain Pretrial Requirements ("Scheduling Order") to allow Plaintiff enough time after the determination of Defendants' qualified immunity defense to ascertain the identities of additional Dallas Police Department officers who participated in the acts described in Plaintiff's Original Complaint ("Additional Defendants"). In support of this Response, Plaintiff respectfully shows the Court as follows.

### I.

#### FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2006, the Court issued a Status Report Order, directing the parties to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within thirty days of the date of the order or,

more specifically, by March 31, 2006. On March 31, 2006, Defendants filed their Motion for Protective Order and Brief in Support ("Motion") seeking protection from the Court's Status Report Order. On April 4, 2006, the Court issued an Order stating:

> The court is inclined to stay the initial disclosure requirement and all discovery as to both parties until such time as plaintiff files a Rule 7(a) reply tailored to the defense of qualified immunity and defendants seek a resolution of their immunity defense either on the pleadings or by way of summary judgment, provided that defendants *promptly* file an appropriate Rule 12 or Rule 56 motion. However, plaintiff should be given an opportunity to address this issue before the court finally decides whether to issue such a protective order.

In his Original Complaint filed on December 28, 2005, Plaintiff plead that there were Additional Defendants to be named once their identities were determined. The Court has set June 23, 2006 as the deadline for joining parties. Plaintiff now files this Response requesting the relief set forth herein. In support of this Response, Plaintiff respectfully shows the Court as follows.

## II.

### ARGUMENT AND AUTHORITIES

Plaintiff needs to be able to engage in a limited amount of discovery in order to identify the Additional Defendants by the June 23, 2006 deadline set forth in the Scheduling Order.

In their Motion, Defendants, quoting *Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991), state, "a defendant entitled to claim qualified immunity should be shielded as much as possible from 'the burdens of broad-reaching discovery.'" *Motion*, p. 2. Plaintiff is not at this time seeking any form of broad-reaching discovery, and, as the court in *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. Tex. 1987) points out, "*Harlow, Mitchell* and *Jacquez* make clear that qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. Tex. 1987); referencing

*Jacquez v. Procunier*, 801 F.2d 789 (5th Cir.1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

Discovery tailored to obtaining the names of the Additional Defendants is neither avoidable nor overly broad.  To the contrary, it is as narrow and necessary as discovery can be at this point in this case.

If the Court determines that no discovery, other than discovery that may be necessary to rule on the immunity defense, will be allowed, then Plaintiff requests an amendment to the Court's Scheduling Order.  The requested amendment should allow Plaintiff enough time after the determination of Defendants' qualified immunity defense to identify the Additional Defendants through the discovery process.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bret Poat prays that this Court deny Defendants' Motion to the extent that granting it would preclude Plaintiff from ascertaining the identities of the Additional Defendants.  Alternatively, Plaintiff prays that this Court amend its Scheduling Order to allow Plaintiff enough time after the determination of Defendants' qualified immunity defense to determine the identities of the Additional Defendants.

        Respectfully submitted,

        **GLAST PHILLIPS & MURRAY**
        A Professional Corporation


        *s/ Brandon S. Davenport*
        Brandon S. Davenport
        Texas State Bar No. 24044848
        Jody G. Sheets
        Texas State Bar No. 18180500

        2200 One Galleria Tower
        13355 Noel Road
        Dallas, Texas 75240
        Telephone: (972) 419-8374
        Facsimile: (972) 419-8329

        *ATTORNEYS FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 21, 2006, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Ms. Tatia R. Randolph, Office of the City Attorney, City of Dallas, City Hall, 1500 Marilla Street, 7CN, Dallas, Texas 75201.


        *s/ Brandon S. Davenport*
        Brandon S. Davenport