**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DIVISION**

| | | |
|---|---|---|
| **BRET POAT,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **3:05CV-2516-G** |
| | § | **ECF** |
| **JASON SCROGGINS,** *et al.*, | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's March 24, 2006 Order Establishing Schedule and Certain Pretrial Requirements, which sets June 23, 2006 as the deadline for filing "all motions requesting **joinder** of additional parties or **amendments** of pleadings, Plaintiff Bret Poat (hereinafter referred to as "Plaintiff"), through his attorneys, alleges for his First Amended Original Complaint against Defendants Jason Scroggins ("Scroggins"), Matthew Kobe ("Kobe"), Kenneth Francis ("Francis"), Roger Andrew Rudloff ("Rudloff") and additional Dallas Police Department officers to be named once their identities are determined (hereinafter cumulatively referred to as "Officers" or "Defendants") the following:

### INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Texas, against the Officers, police officers of the City of Dallas, in their individual capacities.

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

3.      Venue is proper in the Northern District as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and the Plaintiff was at all material times a resident of Dallas County, Texas.

4.      It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Plaintiff.

### PARTIES

5.      Bret Poat was at all material times a resident of Dallas County, Texas, and of full age.

6.      Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Dallas, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Dallas.

### FACTS

7.      On or about December 29, 2003, at approximately 11:00 p.m., Plaintiff was walking to his car, which was parked at the corner of Northwest Highway and I-35 in Dallas, Texas.

8.      While walking to his car, Plaintiff was approached by one of the Officers ("Officer One"), who asked Plaintiff what he was doing in the area, to which Plaintiff responded that he was returning from the Automated Teller Machine that was located in the parking lot.

9.      Immediately after Plaintiff's reply, Officer One stated to Plaintiff that he was under arrest and grabbed Plaintiff's wrist.

10.     As his wrist was being grabbed, Plaintiff leaned back from Officer One, at which time

Officer One struck Plaintiff in his face with a closed fist.

11.     Subsequent to this strike, Plaintiff was taken to the ground and handcuffed without further physical resistance.

12.     Plaintiff did not sustain any injuries to his face as a result of the fall referenced in Paragraph 11 above.

13.     Plaintiff then demanded to be told why he was being treated like this.

14.     Officer One and another of the Officers ("Officer Two") repeatedly told Plaintiff to "Shut up dumb ass."

15.     After handcuffing Plaintiff, Officer One and Officer Two sat Plaintiff up.

16.     While seated and handcuffed, Plaintiff continued to raise his voice and began swearing at the Officers.

17.     In response to Plaintiff raising his voice and swearing, Officer Two began spraying mace into Plaintiff's eyes for a period of greater than ten seconds, emptying an entire can of mace into Plaintiff's eyes.

18.     The mace spraying referenced in Paragraph 17 above occurred while Plaintiff was seated and handcuffed on the concrete parking lot.

19.     At this time, multiple additional Dallas Police Department squad cars arrived on the scene.

20.     Plaintiff was led to another officer's ("Officer Three") squad car by Officer Two.

21.     When Plaintiff arrived at Officer Three's squad car, Officer Three began swearing at Plaintiff, stating, "You are going to jail asshole. You messed with the wrong cops."

22.     While Plaintiff was seated in the rear of Officer Three's squad car with the rear door

open, Officer Three repeatedly struck Plaintiff in the face while his face was pressed against the rear quarter panel of the squad car, which resulted in a large laceration above Plaintiff's right eye.

23.    While Officer Three was assaulting Plaintiff in the manner described in Paragraph 22 above, another officer ("Officer Four") repeatedly struck Plaintiff in the leg with his nightstick.

24.    The Officers then removed Plaintiff from the squad car, at which time Officer One began spraying more mace into Plaintiff's eyes, while several other unknown Dallas Police Officers simultaneously struck Plaintiff in the body with nightsticks and closed fists.

25.    During this period of time, one of the Officers began searching the inside of Plaintiff's car and his trunk.

26.    After the Officers stopped beating Plaintiff and spraying mace in his eyes, they placed Plaintiff back in the back seat of the squad car.

27.    Officer Three rode in the back of the squad car with Plaintiff on the way to the Dallas Jail.

28.    During the ride to the jail, Officer Three hit Plaintiff in the jaw with a closed fist and stated, "I am going to your job tomorrow to get you fired."

29.    While in the processing station at the jail, Plaintiff repeatedly asked to speak to a supervisor.

30.    Officer Three asked Plaintiff why he wanted to speak to a supervisor, to which, Plaintiff replied, "Because there is blood on the outside rear of your police car and how else could it get there unless you smashed my face into it while handcuffed?"

31.    Officer Three then replied, "What makes you think our supervisors are not crooked too?"

32.     Plaintiff was never allowed to meet with a supervisor.

## COUNT 1:  42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

33.     Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth herein.

34.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against each Officer for violation of his constitutional rights under color of law.

## COUNT 2:  ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANTS

35.     Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth herein.

36.     Defendants assaulted and battered Plaintiff.

37.     As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

## COUNT 3:  FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS

38.     Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth herein.

39.     Defendants illegally arrested and illegally imprisoned Plaintiff.

40.     As a result of this false arrest and illegal imprisonment, Plaintiff suffered the damages as aforesaid.

## PLAINTIFF'S REPLY TO FRANCIS AND RUDLOFF'S AFFIRMATIVE DEFENSES

41.     Paragraph 2.1 of Francis and Rudloff's Answer contains no allegations of fact to which a reply is required; however, to the extent a reply is required, Plaintiff states that he has stated multiple claims against Francis and Rudloff upon which relief can be granted.

42.     Plaintiff specifically denies the allegations set forth in Paragraph 2.2 of Francis and Rudloff's Answer.

43.     Plaintiff specifically denies the allegations set forth in Paragraph 2.3 of Francis and Rudloff's Answer.

44.     Plaintiff specifically denies the allegations set forth in Paragraph 2.4 of Francis and Rudloff's Answer.

45.     Plaintiff specifically denies the allegations set forth in Paragraph 2.5 of Francis and Rudloff's Answer.

46.     Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6 of Francis and Rudloff's Answer, except that Plaintiff admits that at the time of the incident in question, Francis and Rudloff were public or government officials, to wit, police officers, employed by the City of Dallas.

47.     Paragraph 2.7 of Francis and Rudloff's Answer contains no allegations of fact to which a reply is required; however, to the extent a reply is required, Plaintiff specifically denies that the acts Francis and Rudloff performed or failed to perform are discretionary powers for which they enjoy absolute immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §101.056.

48.     Plaintiff specifically denies the allegations set forth in Paragraph 2.8 of Francis and Rudloff's Answer.

49.     Plaintiff specifically denies the allegations set forth in Paragraph 2.9 of Francis and Rudloff's Answer.

50.     To the extent Plaintiff has not admitted or specifically denied the factual allegations set forth in Francis and Rudloff's Answer, Plaintiff generally denies each and every factual allegation set

forth in Francis and Rudloff's Answer.

PLAINTIFF'S REPLY TO SCROGGINS AND KOBE'S AFFIRMATIVE DEFENSES

51.     Paragraph 2.1 of Scroggins and Kobe's Answer contains no allegations of fact to which a reply is required; however, to the extent a reply is required, Plaintiff states that he has stated multiple claims against Scroggins and Kobe upon which relief can be granted.

52.     Plaintiff specifically denies the allegations set forth in Paragraph 2.2 of Scroggins and Kobe's Answer.

53.     Plaintiff specifically denies the allegations set forth in Paragraph 2.3 of Scroggins and Kobe's Answer.

54.     Plaintiff specifically denies the allegations set forth in Paragraph 2.4 of Scroggins and Kobe's Answer.

55.     Plaintiff specifically denies the allegations set forth in Paragraph 2.5 of Scroggins and Kobe's Answer.

56.     Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6 of Scroggins and Kobe's Answer, except that Plaintiff admits that at the time of the incident in question, Scroggins and Kobe were public or government officials, to wit, police officers, employed by the City of Dallas.

        55.1.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2.6.1 of Scroggins and Kobe's Answer, except that Plaintiff admits that on December 29, 2003, Defendants were public officials employed by the City of Dallas police department.

        55.2.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2.6.2 of the Scroggins and Kobe's Answer.

55.3.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2.6.3 of the Scroggins and Kobe's Answer.

55.4.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2.6.4 of the Scroggins and Kobe's Answer, except that Plaintiff specifically denies the allegations contained in the last two sentences of Paragraph 2.6.4.

55.5.   Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6.5 of Scroggins and Kobe's Answer and incorporates Paragraphs 1 through 32 of this First Amended Original Complaint by reference as though fully set forth herein.

55.6.   Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6.6 of Scroggins and Kobe's Answer and incorporates Paragraphs 1 through 32 of this First Amended Original Complaint by reference as though fully set forth herein.

55.7.   Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6.7 of Scroggins and Kobe's Answer and incorporates Paragraphs 1 through 32 of this First Amended Original Complaint by reference as though fully set forth herein.

55.8.   Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6.8 of Scroggins and Kobe's Answer and incorporates Paragraphs 1 through 32 of this First Amended Original Complaint by reference as though fully set forth herein.

55.9.   Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6.9 of Scroggins and Kobe's Answer and incorporates Paragraphs 1 through 32 of this First Amended Original Complaint by reference as though fully set forth herein.

55.10.  Plaintiff specifically denies, as stated, the factual allegations contained in Paragraph 2.6.10 of Scroggins and Kobe's Answer.

55.11.  Plaintiff admits the factual allegations contained in Paragraph 2.6.11 of Scroggins and Kobe's Answer, except that Plaintiff specifically denies that he received *further* medical treatment at Parkland Memorial Hospital.

55.12.  Paragraph 2.6.12 of Scroggins and Kobe's Answer contains no allegations of fact to which a reply is required; however, to the extent a reply is necessary, Plaintiff is without knowledge or information sufficient to form

a belief as to the truth of the factual allegations contained in Paragraph 2.6.12 of the Scroggins and Kobe's Answer.

55.13.   Paragraph 2.6.13 of Scroggins and Kobe's Answer contains no allegations of fact to which a reply is required; however, to the extent a reply is necessary, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2.6.13 of the Scroggins and Kobe's Answer.

55.14.   Plaintiff specifically denies the factual allegations contained in Paragraph 2.6.14 of the Scroggins and Kobe's Answer.

55.15.   Plaintiff specifically denies the factual allegations contained in Paragraph 2.6.15 of the Scroggins and Kobe's Answer.

57.   Paragraph 2.7 of Scroggins and Kobe's Answer contains no allegations of fact to which a reply is required; however, to the extent a reply is required, Plaintiff specifically denies that the acts Scroggins and Kobe performed or failed to perform are discretionary powers for which they enjoy absolute immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §101.056.

58.   Plaintiff specifically denies the allegations set forth in Paragraph 2.8 of Scroggins and Kobe's Answer.

59.   Plaintiff specifically denies the allegations set forth in Paragraph 2.9 of Scroggins and Kobe's Answer.

60.   To the extent Plaintiff has not admitted or specifically denied the factual allegations set forth in Scroggins and Kobe's Answer, Plaintiff generally denies each and every factual allegation set forth in Scroggins and Kobe's Answer.

## REQUEST FOR TRIAL BY JURY

60.   Plaintiff hereby makes demand for a trial by jury pursuant to Rule 38, FED. R. CIV. P., as to all issues.

## EXEMPLARY DAMAGES

61.     Plaintiff seeks exemplary damages for harm caused by Defendants' malice under Texas Civil Practice & Remedies Code section 41.003(a)(2), as defined by section 41.001(7).   The exemplary damages limitations set forth in Texas Civil Practice & Remedies Code section 41.008 are inapplicable because the Officer's conduct was committed knowingly and intentionally and is described as a felony in Texas Penal Code section 22.02.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

   a.   Award compensatory damages to Plaintiff against Defendants, jointly and severally;

   b.   Award exemplary damages to Plaintiff against Defendants, jointly and severally;

   c.   Award costs of this action to Plaintiff;

   d.   Award reasonable attorney's fees and costs to Plaintiff on Count 1 of the Complaint; and,

   e.   Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**GLAST PHILLIPS & MURRAY**
A Professional Corporation

_s/ Brandon S. Davenport_
Brandon S. Davenport
Texas State Bar No. 24044848
Kelly D. Hollingsworth
Texas State Bar No. 00793966

2200 One Galleria Tower
13355 Noel Road
Dallas, Texas 75240
Telephone: (972) 419-8374
Facsimile: (972) 419-8329

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 23, 2006, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:  Ms. Tatia R. Randolph, Office of the City Attorney, City of Dallas, City Hall, 1500 Marilla Street, 7CN, Dallas, Texas 75201.

_s/ Brandon S. Davenport_
Brandon S. Davenport