IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET POAT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2516-BD |
| | § | |
| JASON SCROGGINS, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants have filed a motion for summary judgment in this excessive force, bystander liability, assault and battery, false arrest, and false imprisonment case brought under 42 U.S.C. § 1983 and Texas law. In his response brief, plaintiff abandons his false arrest and false imprisonment claims. (*See* Plf. MSJ Resp. Br. at 14-15, ¶ IX). In their reply, defendants acknowledge that genuine issues of material fact preclude summary judgment on plaintiff's excessive force and assault and battery claims based on events that allegedly occurred after plaintiff was in custody and restrained by handcuffs. (*See* Def. Reply at 5-6, ¶ 3(B)). Therefore, the court need only decide whether defendants are entitled to summary judgment on plaintiff's bystander liability claim.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets his initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their

respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

The gravamen of plaintiff's bystander liability claim is that one or more defendants, all of whom are Dallas police officers, failed to intervene when other defendants sprayed him with mace, struck him in the face with their fists, and beat him with nightsticks. This claim fails for at least two reasons. First, plaintiff has not alleged any facts in his complaint that would place defendants on notice of a bystander liability claim. Rather, this legal theory was presented for the first time in plaintiff's summary judgment response and supporting affidavit. (*See* Plf. MSJ App. at 3, ¶ 8). A claim raised for the first time on summary judgment is not properly before the court. *See Cutrera v. Bd. of Supervisors of Louisiana St. Univ.*, 429 F.3d 108, 113 (5th Cir. 2005), *citing Fisher v. Metropolitan Life. Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990).

Even if plaintiff had properly pleaded a bystander liability claim, the summary judgment evidence does not create a genuine issue of material fact for trial. In order to prove a civil rights violation under 42 U.S.C. § 1983, plaintiff must demonstrate that other officers present at the scene did not take reasonable measures to protect him from another officer's use of excessive force. *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (citing cases). Here, there is absolutely no evidence that any of the defendants observed other police officers spray plaintiff with mace, strike him with their fists, or beat him with nightsticks. For their part, all four defendants deny "personally observ[ing] acts that would cause a reasonable police officer to believe that Poat was subjected to an excessive use of force[.]" (*See* Def. MSJ App. at 3, 7, 10, 13). The only controverting evidence

offered by plaintiff is his self-serving declaration that "[e]ach of the Officers was present at the scene and each of them either assaulted me or stood by and did nothing while the other Officers assaulted me." (*See* Plf. MSJ App. at 3, ¶ 8). Mere presence at the scene, without more, does not give rise to a bystander liability claim or create a genuine issue of material fact for trial. *See, e.g. Tarver v. City of Edna*, Civ. A. No. V-03-39, 2004 WL 3606052 at *9 (S.D. Tex. May 11, 2004), *aff'd in relevant part*, 410 F.3d 745 (5th Cir. 2005) (no bystander liability absent evidence that defendant was aware that events giving rise to excessive force claim were occurring); *Nowell v. Acadian Ambulance Serv.*, 147 F.Supp.2d 495, 507 (W.D. La. 2001) (no bystander liability unless defendant observed the use of excessive force or had an opportunity to take steps to prevent the alleged use of force, or to intervene to stop it).

For these reasons, defendants' motion for summary judgment [Doc. #34] is granted in part and denied in part. The motion is granted with respect to plaintiff's bystander liability, false arrest, and false imprisonment claims under federal and Texas law. Those claims are hereby dismissed with prejudice. In all other respects, the motion is denied. The court will set plaintiff's excessive force and assault and battery claims for trial by separate order.

SO ORDERED.

DATED: May 4, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE